**Order entered February 6, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-19-00044-CV

**IN THE INTEREST OF C.P., A CHILD**

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-30012-2018**

## ORDER

This accelerated appeal involves the termination of appellant's parental rights. The clerk's and reporter's records are overdue. By order dated January 25, 2019, we granted appellant's motion for an extension of time to file the clerk's and reporter's records, extending the time to February 5, 2019. Because appellant stated that she had filed an affidavit of indigency in the trial court on February 5, 2018, we ordered the records filed without costs.

Rather than file the records, the district clerk and court reporter filed letters on February 5, 2019, stating that appellant, who has retained counsel, is not recognized as indigent in Collin County. The district clerk explains in her letter that the affidavit of indigency was filed with the Denton County District Clerk on August 18, 2017, and transferred to Collin County on February 5, 2018, along with all other case documents. She goes on to state: "[p]er the Collin County District Clerk policy, in order to be valid, an affidavit must be filed directly with the Collin

County District Clerk. The appellant has not filed an affidavit of indigency, nor has she ever been found indigent in Collin County."

Although appellant filed the Affidavit of Indigency with the Denton County District Clerk in trial court cause number 17-6815-442, that case was transferred to Collin County. Following a transfer of venue, the transferred case stands as though originally filed in the transferee court. *See In re Milton*, 420 S.W.3d 245, 254 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding); *see also* TEX. FAM. CODE ANN. § 155.206(a).

Further, although appellant may have never "been found indigent in Collin County", Texas Rule of Civil Procedure 145 states "[a] party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the court as provided by this rule." TEX. R. CIV. P. 145.

Because there is no court order directing appellant to pay costs, we **ORDER** the clerk's and reporter's records be filed without costs no later than **February 15, 2019**.

We **DIRECT** the Clerk of this Court to send a copy of this order to Lynne Finley, Collin County District Clerk, Stephanie Hunn, Official Court Reporter for the 469th Judicial District Court, and all parties.

/s/    KEN MOLBERG
JUSTICE